**Anne CATES, an individual,**
**Plaintiff–Appellant,**

v.

**PUBLIC EMPLOYEE RETIREMENT SYSTEM OF NEVADA, a political subdivision of the State of Nevada; et al., Defendants–Appellees.**

No. 08–16026.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 27, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN and PAEZ, Circuit Judges, and CARNEY,** District Judge.

MEMORANDUM ***

Appellant, Anne Cates, appeals from the district court's summary judgment in favor of Appellees Public Employee Retirement System of Nevada, Dana Bilyeu, Tina Leiss, and Holly Zimmermann (collectively, "PERS") in Cates's employment action against PERS. Cates alleged that she was retaliated against and constructively discharged from her employment because she filed workplace grievances after receiving negative performance evaluations, and because she took medical leave and qualified leave pursuant to the Family Medical Leave Act of 1993 ("FMLA"). Cates asserted a claim under 42 U.S.C. § 1983 for violation of her rights under the First Amendment, a claim under the FMLA, and a claim under Nevada law for tortious constructive discharge. We review the district court's grant of summary judgment de novo, *Gorman v. Wolpoff & Abramson, LLP,* 552 F.3d 1008, 1013 (9th Cir.2009), and we affirm.

█ The district court properly granted summary judgment on Cates's First Amendment claim because Cates failed to raise a genuine issue of material fact as to whether she engaged in protected speech. To survive summary judgment, Cates had to show that her speech involved a matter of public concern. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Cates's grievances challenging her negative performance evaluations, however, were personal and private matters that were of no concern to the public. *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 978 (9th Cir.2002).

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

W. Chris Wicker, Esquire, Jill Vacchina, Esquire, Woodburn & Wedge, Reno, NV, for Defendants–Appellees.

---

** The Honorable Cormac J. Carney, United States District Court for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court also properly granted summary judgment on Cates's FMLA claim. 29 U.S.C. § 2601, *et seq.* Cates failed to present evidence that she suffered an adverse employment action as a result of her leave of absence. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124–26 (9th Cir.2001). Applying the "totality of the circumstances" standard, PERS made no significant change in Cates's employment status, such as firing or demoting her or reassigning her with significantly different responsibilities, nor did PERS make any decision that caused a significant change in Cates's salary or benefits. *Brooks v. City of San Mateo*, 229 F.3d 917, 928–29 (9th Cir.2000). The limited reassignment of Cates's email and custom correspondence duties as well as her retirement counseling coordinator duties constituted an insignificant change in her employment status, and did not, individually or cumulatively, constitute an adverse employment action. *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir.2000).

■ Finally, the district court properly granted summary judgment on Cates's claim for tortious constructive discharge. *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 899 P.2d 551, 553 (1995). Cates's subjective descriptions of her supervisors' body language and eye contact fall short of the proof necessary to establish working conditions so intolerable that a reasonable person in Cates's position would resign or feel that she had no choice but to leave her position.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.